# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| JOHN SHEPPARD, | : | Bankruptcy No. 05-12070DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 28th day of October 2005, upon consideration of (1) the Debtor's request for confirmation of his Amended Chapter 13 filed on September 29, 2005 and (2) the Trustee's Motion to Dismiss;

And GMAC Mortgage Corp. ("GMAC") and the Chapter 13 trustee objecting to confirmation of the Amended Plan and seeking dismissal of this Chapter 13 case, the Debtor's fourth filing;[1]

---

[1] The court takes judicial notice of the last three cases as to which the dockets are electronically available. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995). Case no. 99-15003 was filed on April 15, 1999 and dismissed on January 20, 2000. GMAC filed a motion for relief which was settled by stipulation. Case no. 02-1567 was filed on April 17, 2002 and dismissed on October 30, 2003. Relief from stay was sought by GMAC and a settlement was reached. Debtor litigated GMAC's claim by adversary proceeding, and summary judgment was granted against him.

**And** based on the facts as stated on the record,[2] the Court finding that the Amended

Plan contains a provision contrary to the Consent Order by which the Debtor agreed that if

he did not sell the Residence by September 1, 2005, relief from stay would be granted upon

certification of default;[3]

---

[2] GMAC had filed a motion to dismiss this case based on Debtor's seriel bankruptcy filings which it settled by a Consent Order with the Debtor dated July 14, 2005. Exhibit M-1. The Consent Order required Debtor to sell the mortgaged property (the "Residence") in accordance with the Debtor's proposed plan by September 1, 2005. If same was not accomplished as of that date, GMAC could certify default and the stay would be lifted and an order prohibiting refiling for 180 days would be entered. In consideration of the commitment to sell, Debtor was allowed to reduce his monthly mortgage payment from $2,340.34 to $750. Id. The Debtor's original plan committed to pay $40 monthly to the Chapter 13 trustee and to sell the Residence by September 1, 2005 to pay GMAC. The Residence was listed with a broker in June or July 2005 with a selling price of $465,000. However, as of September 1, the drop dead date, no offers had been received for the Residence. On September 29, 2005 (the same date as confirmation and the Trustee's motion to dismiss), the Debtor filed the Amended Plan moving the date by which he would have a signed agreement (versus an actual sale) to December 31, 2005. GMAC's objection is that the Amended Plan is in derogation of the Consent Order which grants it relief if a sale is not effected by September 1, 2005. Contemporaneously with the Amended Plan being filed, the Debtor told the broker to reduce the sale price to $450,000. There are no offers at that price either, and the Debtor is reluctant to meaningfully lower the price (and diminish his potential recovery of equity) to effect a quick sale. Debtor was unable to identify any reason for his inability to sell the house. He made the necessary repairs the first month but stated that the market went down when school opened, people preferring to move in anticipation of the school year. He also noted that the market slows at the holidays, the precise deadline he has fixed for securing a sale. I find no unforeseen circumstances that impacted Debtor's ability to timely perform his commitment to sell. He has now instructed the broker to reduce the price another $10,000 or $15,000 if no offer is received in three weeks. The likelihood of a sale by the new proposed date is totally speculative. In short, I find that Debtor's responsibility to sell the Residence by September 1 was subordinated to his desire to maximize his retained equity, and that fact has not materially changed to date.

[3] It is well settled that stipulations between the parties and settlement of litigation are favored by the law and should not be lightly set aside, Waldorf v. Shuta, 142 F.3d 601, 616 (3rd Cir.1998); Martin v. North Penn Savings & Loan, 253 B.R. 346, 350 (M.D. Pa. 2000). Enforcing a stipulated agreement also is supported by policy considerations such as the avoidance of costly and time-consuming litigation, In re Buzzworm, Inc., 178 B.R. 503, 512 (Bankr. D. Co. 1994). Indeed refusing to enforce a stipulated agreement undermining the willingness of parties to enter into future agreements which promote the prompt and efficient administration of bankruptcy cases. Therefore,

(continued...)

**And** contrary to the stipulated Order, the Amended Plan providing that the secured claim would be paid out of a sale of the Residence by December 31, 2005 or the case will be dismissed on motion of any interested party;

**And** the Trustee filing a motion to dismiss based on lack of plan feasibility;

**And** as GMAC's secured claim cannot be paid through the sale as provided in the Amended Plan, such Plan is infeasible;[4]

**And** Debtor has committed only $40 per month to the Amended Plan, the Plan is not feasible without a sale;

**And** Debtor having moreover acknowledged that he does not have the income to make current mortgage payments to GMAC;

It is hereby **ORDERED** that confirmation of the Amended Plan is **DENIED**;

---

(...continued)

unless a stipulation has not been entered into voluntarily, or its terms violate public policy, or other extenuating circumstances exist, a court will enforce the clear terms of a stipulation of the parties previously approved by the court at the request of the parties.  Sellersville Savings and Loan Association v. Kelly, 29 B.R. 1016,1018 (E.D. Pa. 1983).  Nothing in this record supports a finding of extenuating circumstances.  Rather debtor secured the benefit of the bargain, i.e., a reduction in his mortgage payment and time to find a buyer rather than suffer a sheriff's sale, and now seeks relief from performing his promise, i.e., that there would be a date certain that the debt would be paid

[4] Notably I am advised that a sheriff's sale listed now will be scheduled at about the same time as the proposed December 31, 2005 deadline for sale of the Residence.  Thus, the relief granted herein does not allow anything more than what the Debtor has proposed, i.e., additional time to sell the Residence.  It only ensures that if Debtor does not sell the Residence by December 31, 2005 (and nothing in his testimony led me to believe he would), the creditor would not have to first list the sale and wait another 90 days to foreclose at a sheriff's sale.

**And** it is **further ORDERED** that the Chapter 13 case is **DISMISSED**, with prejudice per the Consent Order.

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Copies to:

David A. Scholl, Esquire
Regional Bankruptcy Center
Law Office of David A. Scholl
#6 St. Albans Avenue
Newtown, PA  19073

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA 19106-0119

Peter J. Mulcahy, Esquire
PHELAN HALLINAN & SCHMIEG, LLP
1617 JFK Boulevard
Suite 1400
Philadelphia, PA  19107